IN THE MATTER OF THE APPLICATION OF THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY TO ACQUIRE A CROSSING OF THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY OVER THEIR RAILROAD IN THE TOWN OF CHEMUNG.

*Report of commissioners fixing terms upon which one railroad may cross the tracks of another — when a company availing itself of one part of an order cannot appeal from another part imposing conditions upon it — when the question will be held to be res adjudicata after affirmance of the report.*

In proceedings, instituted in 1881 by the Lackawanna and Western Railway Company, to acquire a crossing over the New York, Lake Erie and Western Railroad Company at Chemung, the commissioners made a report fixing and determining the mode and place of such crossing, and requiring the Lackawanna company, as one of the terms and conditions upon which the crossing was granted, to construct certain bridging on its route to the west of Chemung river, at a considerable distance from the place of said crossing and from the Erie railroad, such provision being made for the purpose of providing sufficient waterways for the Chemung river, so as to avoid injury or destruction to the embankments, tracks and road-bed of the Erie railroad. This report having been affirmed by the General Term and the Court of Appeals on appeals taken to these courts by the Erie road, the Lackawanna Railroad Company paid the compensation directed by the report, built its road across the river and over the Erie railroad and ran its trains thereon, but neglected to build the bridging required by the report and order confirming it. After the Erie Railroad Company had commenced an action against the Lackawanna company to compel it to specifically perform its contract, the latter company appealed from those portions of the order which required it to build the bridging.

*Held*, that the appeal should be dismissed.

*It seems*, that the appellant was prevented from taking such an appeal by the fact that the order was entered upon its own motion and for its own benefit, and that it had availed itself of such order and had built its road and was running its trains by the authority of the order.

That the report and order prescribing the terms and conditions of the crossing constituted a complete disposition of the whole controversy, giving benefits to the Lackawanna, which they were enjoying, and providing adequate and necessary protection for the Erie, and that such a report cannot be appealed from in fragments so that the benefits may be retained and the protection be withdrawn.

That the order, as a whole, was *res adjudicata* in this court, the same questions having been already argued and decided therein.

That if it were not *res adjudicata* in this court, and the commissioners had no power or authority to insert this requirement in their report, the Lackawanna company could make that objection by an answer and upon the trial of the action for specific performance.

APPEAL from parts of a report of commissioners, fixing and determining the points and manner of the crossing of the New York, Lake Erie and Western Railroad Company, in the town of Chemung, by the petitioner's railroad, and from the order confirming the same.

*J. McGuire*, for the New York, Lackawanna and Western Railway Company, appellant.

*D. C. Robinson*, for the New York, Lake Erie and Western Railroad Company, respondent.

BOARDMAN, J.:

In 1881 the Lackawana company instituted proceedings to acquire a crossing over the Erie railroad, at Chemung. Commissioners were duly appointed. A great mass of testimony was taken and a report made, fixing and determining the mode and place of such crossing as a part of the terms and conditions of granting such crossing. The Lackawanna company were required to construct certain bridging on its route, to the west of Chemung river, at a considerable distance from the place of said crossing and from the Erie railroad. Such provisions were made for the purpose of providing sufficient water-ways for the Chemung river, so as to avoid injury or destruction to the embankments, tracks and road bed of the Erie railroad. Such report was filed on the 31st day of October, 1881, and on the 9th day of November, 1881, on motion of the Lackawanna Railroad Company, the report and decision of the commissioners was duly, in all things, confirmed and the order entered. The Erie company appealed from said order of confirmation to the General Term of the Supreme Court. The appeal was brought to a hearing, and in May, 1882, the report and order of confirmation was affirmed and the order duly entered and notice of such entry given by the Lackawanna company to the Erie company, the former company soon after paying to the latter the compensation directed to be paid by the report and order. On a further appeal to the Court of

Appeals, by the Erie company, the report and order were affirmed or the appeal dismissed.   Meanwhile, the Lackawanna built its road across the Chemung river and over the Erie railroad, and was running its road, but neglected to do the bridging required by said report and order.   Thereupon, the Erie Railroad Company, in September, 1884, commenced an action in equity in the Supreme Court, which. is now pending, against the Lackawanna company to compel it to perform the terms and conditions of said report and order relating to bridging and water-ways for the protection of the Erie company's roadway.   In October, thereafter, the Lackawanna company took this appeal from those portions of said report and order so made and confirmed at its instance, and on its motion, and so sought to be enforced by the Erie company as aforesaid.   A motion is now made by the Erie company to dismiss said appeal on several grounds, which will be discussed so far as may be necessary in deciding this motion.

We are not disposed to pass upon the right of the Lackawanna company to appeal from the report and order more than twenty days after the order of confirmation was made, and as seems to be required by section 18, chapter 140, Laws of 1850.   But we very much doubt whether an appeal will lie from an order entered upon the party's own motion and for its own benefit.   Especially does that seem unreasonable when the appellant avails itself of such order and has built its road and is running its trains by its authority. We are inclined to think such an appeal will not and ought not to lie.   But there is a stronger reason why this appeal should not stand.   The report and order prescribing the terms and conditions of the crossing constitute a complete disposition of the whole controversy, giving benefits to the Lackawanna, which they are enjoying, and providing adequate and necessary protection for the Erie.   It ought not to be possible that such a report can be appealed from in fragments so that the benefits may be retained and the protection be withdrawn.   Each part of the report is dependent upon the other parts, and the report of the commissioners would be very different if a part only was allowed to stand.   As well take away the keystone of an arch, when the whole structure must fall.   Nor is it possible that justice would permit the reversal of the parts of the order appealed from, leaving the others to stand.

Again, the order, as a whole, is *res adjudicata* in this court. The same questions have been argued and decided. In hostility to the Erie and at the solicitation of the Lackawanna, we have held the report and order to be just and proper. It is true, the power of the commissioners to make certain conditions was not directly passed upon, but we have no doubt of its existence. (*Matter of Lockport and Buffalo R. R. Co.*, 19 Hun, 38.) Such power seems to be a necessary incident to the duty of providing for a crossing. However, if the question is not *res adjudicata* in this court, and if the commissioners had no power or authority to make the requirements inserted in their report and confirmed by the order, the Lackawanna company can make such objections by answer and upon trial in the action for a specific performance.

We think the appeal should be dismissed, with costs.

HARDIN, P. J., concurred; FOLLETT, J., not sitting.

Appeal dismissed, with costs.